SUMMARY ORDER
Plaintiff-Appellant Kevin Gratt appeals from a judgment of the district court dated *708 September 14, 2007, 2007 WL 2693903, which dismissed, for lack of subject matter jurisdiction, his putative class action. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal.
As Graft concedes, his argument that a federal court should not apply N.Y. CPLR 901(b) (providing that “an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action” unless the “statute creating or imposing [the] penalty, or [the] minimum measure of recovery specifically authorizes the recovery thereof in a class action”) to putative class actions brought in federal courts in New York under the Telephone Consumer Protection Act, 47 U.S.C. § 227, is squarely foreclosed by our decision in Bonime v. Avaya, Inc., 547 F.3d 497 (2d Cir.2008). “Generally, this court is bound by a decision of a prior panel unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court en banc .... We have also observed that we may depart from a prior decision when it merely has been called into question by an intervening United States Supreme Court decision.” Consol. Edison Co. of N.Y. v. UGI Utils., Inc., 423 F.3d 90, 101 n. 12 (2d Cir.2005) (internal quotation marks omitted). Graft does not argue that any such intervening en banc decision exists. Further, although Graft cites Haywood v. Drown, — U.S. -, 129 S.Ct. 2108, 173 L.Ed.2d 920 (2009), as a relevant intervening Supreme Court decision, Haywood does not call into question the rationale of Bonime. Accordingly, we are bound to apply Bonime.
For the foregoing reasons, the judgment of the district court is AFFIRMED.